**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**HASAN WORTHY,**

Petitioner,

v.                                                **CIVIL ACTION NO. 5:23-CV-32**
                                                 Judge Bailey

**WARDEN RAY,**

Respondent.

## REPORT AND RECOMMENDATION

## I.    INTRODUCTION

On February 2, 2023, the *pro se* petitioner, Hasan Worthy ("petitioner") filed a

Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1].  Petitioner is a

federal inmate who is housed at FCI Hazelton in Bruceton Mills, West Virginia, and is

challenging the legality of his conviction.  This matter is pending before the undersigned

for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28

U.S.C. § 1915A.  For the reasons set forth below, the undersigned recommends that the

petition be denied and dismissed without prejudice.

## II. BACKGROUND

**A.    Conviction and Sentence**

As the Court has previously summarized,

Petitioner was originally sentenced in the District of Maine.[1]  Petitioner was
found guilty of conspiracy to distribute and possess with intent to distribute
cocaine base, possession with intent to distribute cocaine, and using a

---

[1]The information in this paragraph is taken from petitioner's criminal case, ***USA v.
Worthy***, 2:12-CR-135-DBH, D. Me. (2012), available on PACER.

communication facility in committing, causing, or facilitating a drug felony;
petitioner was sentenced to 300 months imprisonment.

***Worthy v. Brown***, 5:22-CV-161, [Doc. 9 at 1] (N.D. W.Va. July 25, 2022) (Bailey, J.).

**B.     The Instant Petition for Habeas Corpus Under § 2241**

In his petition, petitioner argues that he is in custody for crimes he did not commit;
specifically, he argues that his conviction is invalid because the United States Attorney
fraudulently obtained a criminal judgment against him.  Specifically, he alleges the United
States executed a scheme to defraud, presenting an unsworn, false, and fraudulent
charging document which was never presented to a grand jury.  As such, he contends
that the District of Maine acted without jurisdiction in entering a Judgment and
Commitment order.  He also alleges that he was deprived of effective assistance of
counsel because his court-appointed attorney failed to object to the fraudulent charges.

### III.     LEGAL STANDARDS

**A.     Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules
of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief
and submit findings and recommendations to the District Court.  This Court is charged
with screening the petitioner's case to determine if "it plainly appears from the petition
and any attached exhibits that the petitioner is not entitled to relief in the district court."
Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule
1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may
apply these rules to a habeas corpus petition not filed pursuant to § 2254).

B.      **Pro Se Litigants**

As a *pro se* litigant, the petitioner pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." **Haines v. Kerner**, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See* **Weller v. Dep't of Social Servs.**, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. § 2241, and this matter is due to be dismissed.

### IV. ANALYSIS

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable.  Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction.  **Rice v. Rivera**, 617 F.3d 802, 807 (4th Cir. 2000); **In re Vial**. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals.  Id. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant

guilty" or that a previously unavailable "new rule of constitutional law" has been "made retroactive to cases on collateral review by the Supreme Court."  Id.

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." ***Anderson v. Pettiford***, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. ***In re Vial***, 115 F.3d at 1194, n.5; ***In re Jones***, 226 F.328, 333 (4th Cir. 2000.) However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. ***Id***.

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[1] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause.  Which test is to be applied depends on whether the petitioner is challenging the legality of his **conviction** or the legality of his **sentence**.  *See **United States v. Wheeler***, 886 F.3d 415, 428 (4th Cir. 2018); ***In re Jones***, 226 F.3d 328, 333–

---

[1]  This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

34 (4th Cir. 2000).  Where a petitioner is challenging the legality of his **conviction**, § 2255

is deemed to be "inadequate or ineffective" only when all **three** of the following conditions

are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34.  The Fourth Circuit has found that the savings clause

may apply to certain sentencing challenges.  It explained:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).  Because the requirements

of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e)

savings clause must meet either the *Jones* test (if challenging the legality of his

conviction) or the *Wheeler* test (if challenging the legality of his sentence) for the court to

have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  *See*

*Wheeler*, 886 F.3d at 423–26.

Here, petitioner is challenging the validity of his conviction, and as such must meet

the *Jones* test in order to bring his challenge under § 2241.  Even if petitioner satisfied

the first and third elements of *Jones*, the crimes for which petitioner was convicted all

remain criminal offenses.  Accordingly, petitioner is unable to show that § 2255 is an inadequate or ineffective remedy, and this Court is without jurisdiction to consider his petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); *Reinbold v. Evers*, 187 F.3d 348, 359 n.10 (4th Cir. 1999).  Further, the undersigned notes that the claims of the petition *other than* the ineffective assistance claim were previously raised and addressed in *Worthy v. Hasan*, Civil Action Number 5:22-CV-161, where the Court determined that petitioner could not meet the savings clause of § 2255(e) and dismissed the petition for lack of jurisdiction.  Although that petition was dismissed without prejudice, the claims other than ineffective assistance in this case are the same as the dismissed case and the undersigned sees no reason to depart from the Court's earlier analysis on those claims.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**:  May 4, 2023.

*/s. James P. Mazzone*

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE