**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Wheeling**

**HASAN WORTHY,**

        Petitioner,

v.

**Civil Action No. 5:23-CV-32**
Judge Bailey

**WARDEN RAY,**

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above referenced case is before this Court upon the magistrate judge's recommendation that petitioner's Petition be denied and dismissed without prejudice.  *See* [Doc. 6].

This Court is charged with conducting a *de novo* review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report.  28 U.S.C. § 636(b)(1).  However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge.  ***Thomas v. Arn***, 474 U.S. 140 (1985).  Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level.  ***United States v. Schronce***, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).  Petitioner timely filed objections on May 18, 2023.  *See* [Doc. 8].

1

Petitioner asserts four (4) objections to Magistrate Judge Mazzone's Report and Recommendation ("R&R").  First, petitioner argues that subject-matter jurisdiction exists in this case because there is an actual case or controversy.  *See* [Doc. 8 at 2].  Second, petitioner argues that summary denial is not proper because the complaints are well pleaded and in compliance with Rule 9(b) of the Federal Rules of Civil Procedure.  *See* [id. at 3].  Third, petitioner argues that summary denial and dismissal is not warranted because the petition presents facts concerning subject-matter jurisdiction.  *See* [id.]. Fourth, petitioner argues that he has no remedy other than the remedy afforded by the writ of habeas corpus pursuant to § 2241.  *See* [id. at 4].

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary."  ***Green v. Rubenstein***, 644 F.Supp.3d 723, 730 (S.D. W.Va. 2009) (citing ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982)).  "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review."  ***Williams v. New York State Div. of Parole***, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity.  *See* ***Mario v. P & C Food Markets, Inc.***, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review).  Bare statements "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority, [are] not sufficient."  ***Mario***, 313

F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." *Id.*; *see also* Fed. R. Civ. P. 72(b); LR PL P 12.

Petitioner's first objection is an attempt to argue that this Court does have subject matter jurisdiction and can hear his case. However, as laid out in the R&R, this Court is without jurisdiction to consider his petition because petitioner is unable to show that § 2255 is an inadequate or ineffective remedy. His first objection is overruled.

Assuming *arguendo* that petitioner's complaint is well plead and in compliance with Federal Rule of Civil Procedure 9(b), that does not allow this Court to assert jurisdiction over the case. Petitioner's second objection is overruled.

Petitioner's third objection also pertains to subject matter jurisdiction and is overruled because this Court is without jurisdiction to consider his petition because petitioner is unable to show that § 2255 is an inadequate or ineffective remedy.

Lastly, petitioner's argument that he has no remedy other than the remedy afforded by the writ of habeas corpus pursuant to § 2241 is overruled. Petitioner has been unable to show that § 2255 is an inadequate or ineffective remedy.

Accordingly, the magistrate judge's report and recommendation [**Doc. 6**] is **ADOPTED** and petitioner's objections [**Doc. 8**] are **OVERRULED**. Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [**Doc. 1**] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**. This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

3

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** May **22**, 2023.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

4